IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CARR, GREGORY KATHAN; KELLY L'ROY; PERRY MEIER; CHARLES MULHALL; and SCOTT MUND, on behalf of themselves and all others similarly situated, | § § § § § | CIVIL ACTION NO. 4:14-cv-00451 |
| *Plaintiffs*, | § § | |
| v. | § § | JURY DEMANDED |
| AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, | § § § § | |
| *Defendant.* | § | |

## AMENDED AGREED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between counsel for Plaintiffs Michael Carr, Gregory Kathan, Kelly L'Roy, Perry Meier, Charles Mulhall and Scott Mund ("Plaintiffs"), and Defendant Air Line Pilots Association, International ("ALPA") (together, the "Parties"), that the terms and conditions of this stipulated Agreed Protective Order shall govern the use of documents and testimony obtained during discovery in the above-styled lawsuit ("Lawsuit"). It is, therefore, ORDERED, ADJUDGED, and DECREED as follows:

1. **Proceedings and Information Governed**. This Protective Order shall govern all documents and information exchanged during this Lawsuit, which are designated as "Confidential Information," in accordance with the terms of this Protective Order. This Protective Order shall also extend to any information copied or extracted from information protected herein, as well as all copies, excerpts, summaries, or compilations of this protected information, plus responses to discovery requests, deposition testimony and exhibits, or presentations by Parties or counsel to or in court or in other settings that reveal this protected

1

information.

2. **Classification of Information**. For purposes of this Protective Order, "Confidential Information" is limited to documents and things which reflect or contain: (a) information prohibited from disclosure by statute; (b) information that reflects collective bargaining tactics or internal union strategies or that otherwise reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential, (d) any insurance agreements between Defendant Air Line Pilots Association, International ("ALPA") and any of its liability insurers as well as any related insurance information; (e) medical information concerning any individual; (f) personal identity information and contact information (including any contact information, email addresses, and telephone numbers); (g) income tax returns (including attached schedules and forms), W-2 forms, 1099 forms, wage information and social security numbers; (h) personnel or employment records of a person who is not a party to the case; or (i) information of a third party that a Party is bound by a separate confidentiality agreement or arbitration or court order to maintain as confidential (subject to the production of the confidentiality agreement or arbitration or court order requiring confidentiality). Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation of Information**. Documents and things produced during the course of this Lawsuit may be designated by any Party as containing Confidential Information by placing or requesting to be placed on each page and each thing containing Confidential Information the stamp "CONFIDENTIAL," or in the case of documents and things previously produced to the Court and counsel, by requesting that the documents and things be treated as Confidential Information in the filings and Defendant's Unopposed Motion to File under Seal. If

a Party determines, within thirty (30) calendar days of the date of production, that the documents or things should have been designated "CONFIDENTIAL," the Party shall immediately notify the opposing Party. The pages of documents and things containing Confidential Information shall be treated as Confidential under this Protective Order once they have been designated as such.

4. **Depositions**. Information disclosed at a deposition and deposition testimony may be designated by either Party as Confidential in accordance with this Protective Order by notifying the other Party (a) on the deposition record; or (b) in writing of the specific pages and lines of the transcript that contain Confidential Information within the latter of fourteen (14) days after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Pending such notification, all such depositions shall be treated as Confidential in their entirety under this Protective Order for a period of fourteen (14) calendar days after a transcript of said deposition is received, 60 days after the testimony was given, or for such longer time as the Parties may agree to the extent designated as such at the time of taking the deposition. For any depositions taken prior to the entry of this Protective Order, the Parties shall have fourteen (14) day from the date of the entry of this Protective Order to designate as Confidential by e-mail designation of page and line number such pages of the depositions and exhibits to the depositions that contain Confidential Information. All time periods shall be determined with regard to the Federal Rules of Civil Procedure. Each Party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody, or control. Furthermore, the portions of any deposition in such notice must thereafter be treated in accordance with this Protective Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony

taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

5. **Maintenance of Information.** It is the responsibility of counsel for each Party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order. Counsel is responsible for adherence by contractors, consultants, experts, and third-party vendors to the terms and conditions of this Protective Order by obtaining a signed Acknowledgment and Agreement to be Bound in the form attached as **Exhibit A**.

6. **Inadvertent Disclosure.** Inadvertent or unintentional disclosure of Confidential Information during the course of this Lawsuit, without designating it as Confidential Information at the time of disclosure, shall not be deemed a waiver by any Party in whole or in part of a claim that disclosed information is Confidential Information, provided that such item is so designated within twenty (20) calendar days after learning of the inadvertent or unintentional disclosure.

7. **Use and Disclosure of and Access to Information.** Information designated as Confidential Information may be used only for purposes of preparation, briefs or motions pursuant to section 12 herein, trial, and appeal of this Lawsuit, and may not be used for any other purpose. Except as otherwise specifically provided herein, access to and disclosure of Confidential Information shall be limited to:

> (a) **The Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. Confidential Information may be disclosed only to the named plaintiff(s) in this putative class action. A putative class member or class member (if a class has been certified) also will be permitted to review Confidential Information but only after he or she completes the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound, and only to the extent counsel determines in good faith that the assistance of such putative class member or class

member (if a class has been certified) is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(b) **Attorneys for each Party** (whether outside counsel or in-house counsel) and their paralegals, administrative assistants, secretaries, clerical, administrative, and support staff, in connection with their assignments with respect to this case;

(c) Subject to paragraph 8 below, **Contractors, consultants, experts, and third party vendors** retained by any Party or their Attorneys in this litigation, who are not employees of such Party or their Attorneys. Such outside independent contractors shall agree to be bound by this Protective Order to the same extent as if they were a Party hereto and shall not use Confidential Items for (i) the benefit of the Party employing or retaining them, other than in connection with this litigation; or (ii) the benefit of any other persons or corporations;

(d) **the Court and its personnel**, as well as all court reporters and videographers involved in this case and their employees;

(e) **Witnesses.** During their depositions or at trial, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Exhibit A, Acknowledgment and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(f) **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(g) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

8. **Agreement to abide by Protective Order.** All persons listed above shall observe this Protective Order but shall not be required to sign a written acknowledgment of this Protective Order. Counsel will work in good faith to provide notice of this Protective Order to

any of the individuals listed above who may receive Confidential Information.

With regard to those individuals identified in paragraph 7(a), (c), and (e), prior to disclosing or providing Confidential Information to such persons, the Party providing the Confidential Information shall first provide a copy of this Protective Order to such persons, who shall read and be fully familiar with their obligations to comply with this Protective Order. Before such persons may have access to or review any Confidential Information, he or she must sign a copy of the Acknowledgment and Agreement to Be Bound attached hereto as **Exhibit A**.

9. **Challenge to Designations**. Any Party may challenge a designation at any time. The Party disagreeing with a designation (the "Challenging Party") may request in writing that the Party asserting the designation (the "Asserting Party") change the designation. The Asserting Party will then have ten (10) business days after the receipt of a challenge notice to advise the Challenging Party whether or not it will change the designation. If the Parties are unable to reach agreement after the expiration of that ten (10) business day timeframe, the Challenging Party may at any time thereafter seek an order to alter the Confidential designation of the challenged item. However, if the Challenging Party requires that this time period be shortened due to an impending filing deadline, the Challenging Party may present the issue to the Court for resolution provided it has in good faith conferred or attempted to confer with the Asserting Party in an effort to resolve the dispute without court action. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order. The failure of a Party to challenge the confidential designation of any item under this Protective Order at the time of production of the item shall not be deemed a waiver of that Party's right to challenge the propriety of such designation at any time thereafter.

10. **Change in Designation.** An item designated as Confidential shall no longer be afforded the protections of this Protective Order if (i) the item is or comes to be disclosed in a printed publication; (ii) the item is or comes to be generally publicly known; (iii) the item is or comes to be otherwise known to a Party that did not designate the item without any breach of the confidentiality obligations hereunder by said Party; (iv) by agreement of the Parties; (v) the asserting party fails to show good cause as to why the item should be designated as Confidential; or (vi) other good cause found by the Court.

11. **Nonparty Information.** The existence of this Protective Order may be disclosed to any person producing documents, or tangible things in this action that may reasonably be expected to desire confidential treatment for such documents, tangible things. Any such person may designate documents, or tangible things Confidential pursuant to this Protective Order.

12. **Use of Information in court filings.** The Parties and their Counsel acknowledge and agree that, under the case law and General Order 2004-11 for the Southern District of Texas, a higher good-cause showing is required to file documents under seal than to designate them as Confidential when they are exchanged in discovery. If counsel for any Party incorporates, discloses, or wishes to submit Confidential Information or information reflected therein in any brief or other paper, it shall conspicuously designate such portion of the brief or paper "CONFIDENTIAL" and file it under seal.

When documents designed as confidential are filed with the Court, they may initially be filed under seal but will not be maintained under seal unless the Party designating them as Confidential files a motion to do so. Such a motion must be filed 7 days after the filing, must show good cause for sealing the documents, and must state whether the opposing party contests filing the documents under seal.

On August 25, 2014, the Court granted Defendant's Unopposed Motion to File Under Seal. In accordance with that Order, the DVD copies of the entire Arbitration Record and the portions designated as Confidential in the paper copy of the Arbitration Record (contained in Notebooks 39 through 76) provided by Defendant to the Court shall be kept under seal and shall be treated as Confidential.

To the extent feasible, the restricted portion shall be bound and filed separately from the remainder of the brief or other paper. A party that files all or part of a brief under seal may circulate copies of that brief to anyone at any time, provided that the party first redacts all portions of the brief that disclose Confidential Information.

13. **Use of Information at hearing or trial.** At the trial of this lawsuit or at any hearing relating to this lawsuit before any judicial officer, a Party may, subject to the Federal Rules of Evidence and Orders of the Court, use any Confidential Information for any purpose.

14. **No Prejudice.** Producing or receiving Confidential Information or otherwise complying with this Protective Order will not (a) operate as an admission by any Party that any of the such information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights to a Party to object to the production of information or material that the Party does not consider to be within the scope of discovery; (c) prejudice the rights of a Party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights to a Party to apply to the Court for further Protective orders; or (e) prevent the Parties from agreeing in writing to alter or waive the provisions or protections provided by this Protective Order with respect to any particular information or material.

15. **Inadvertent Disclosure of Privileged Information – Application of Federal Rule of Evidence 502(d).**

(a) **No Waiver by Disclosure.** Subject to the provisions of this Order, if a party (the

"Disclosing Party") discloses information in connection with this litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

(b) **Notification Requirements; Best Efforts of Receiving Party.** A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within ten (10) days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged. For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.

(c) **Contesting Claim of Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party

must—within ten (10) days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

(d) **Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

(e) **Attorney's Ethical Responsibilities.** Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

(f) **Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

(g) **In camera Review.** Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

(h) **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

(i) **Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are

inapplicable to the production of Protected Information under this Order.

16. **Return of Confidential Items.** Within thirty (30) days of final termination of this Lawsuit, including exhaustion of all appeals, or within thirty (30) days after dismissal pursuant to a settlement agreement, each Party and other persons subject to the terms of this Protective Order shall be under an obligation, upon the written request of the producing party, to collect and return all Confidential Information obtained from the producing party. Alternatively, each Party and other persons subject to the terms of this Protective Order may certify in writing that all Confidential Information has been destroyed. Each Party may, however, retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties, and each outside counsel may, but need not, retain one copy of Confidential Information and one copy of outside counsel's records stored in computer-readable format with respect to such Confidential Information, solely for reference in the event of, and only in the event of, a dispute over the dissemination of information subject to the terms of this Protective Order.

17. **Remedies.** It is ordered that this Protective Order will be enforced by any applicable sanctions set forth in the Federal Rules of Civil Procedure. All other remedies available to any person injured by a violation of this Protective Order are fully reserved, including any claim for damages.

18. **Amendment.** This Protective Order may be changed by further Order of the Court or amendment by the Parties in writing, and is without prejudice to the rights of any Party to move for relief from any of its provisions.

SO ORDERED.
SIGNED on this 12th day of December, 2014

_____
HONORABLE LEE H. ROSENTHAL
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CARR, GREGORY KATHAN; KELLY L'ROY; PERRY MEIER; CHARLES MULHALL; and SCOTT MUND, on behalf of themselves and all others similarly situated, | § § § § § | CIVIL ACTION NO. 4:14-cv-00451 |
| *Plaintiffs*, | § § | |
| v. | § | JURY DEMANDED |
| AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, | § § § § | |
| *Defendant.* | § | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," as defined in the Protective Order entered in the above-styled lawsuit ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order. I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms. I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-styled lawsuit. I further agree not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as Confidential or by Order of the Court.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

_____
Signed

_____
Printed Name

_____
Date